Benjamin R. Trachtman, Esq. [SBN 137458]
btrachtman@trachtmanlaw.com
Kevin L. Henderson, Esq. [SBN 150434]
khenderson@trachtmanlaw.com
TRACHTMAN & TRACHTMAN, LLP
19732 MacArthur Boulevard, Suite 100
Irvine, CA 92612
Telephone: (949) 282-0100
Facsimile: (949) 282-0111

Attorneys for Defendant Target Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LINDSEY,<br><br>    Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION; and DOES 1 TO 100,<br><br>    Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

TO THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:

Defendant TARGET CORPORATION notices the removal of this action to the United States District Court, and, in support thereof, states as follows:

1. On September 24, 2020, Plaintiff WILLIAM LINDSEY ("LINDSEY") filed an action in the Superior Court of the State of California, in and for the County of Orange (Case No. 30-2020-01161842-CU-PO-CJC) entitled "William Lindsey, Plaintiff vs. Target Corporation; and DOES 1 TO 100,

-1-

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

Defendants."  Notably, TARGET CORPORATION is the proper name of Defendant given said entity is the sole possible Defendant owner and/or operator of the subject premises where Plaintiff WILLIAM LINDSEY claims to have sustained injuries.

2.    Service of the Summons and Complaint upon TARGET was made by personal service on October 1, 2020.

3.    No further proceedings have occurred in the matter now pending before the Orange County Superior Court.

4.    TARGET is and was at the time this action was commenced, a corporation incorporated in the State of Minnesota with its principal place of business in that State.  Defendant has confirmed that Plaintiff is a resident and citizen of the State of California.  There is now, and there was at the time of the commencement of this action, complete diversity between Plaintiff and Defendant.

5.    TARGET is a corporate citizen of Minnesota.  If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).  TARGET has been incorporated in Minnesota throughout its existence, and has maintained control of its far-flung operations from its headquarters in Minneapolis, Minnesota for more than 100 years.  In the recent U.S. Supreme Court case, Hertz Corp. v. Friend, 130 S. Ct. 1181, U.S. (2010), the Supreme Court held that a corporation's "principal place of business" for purposes of determining federal diversity jurisdiction is its "nerve center" -- the place where the corporations' high-level officers direct, control and coordinate the corporation's activities.  This is usually the corporate headquarters. Applying the "nerve center test" to this case, TARGET'S principal place of business is Minneapolis, Minnesota.  TARGET does not conduct "substantially all" of its business in any single state, nor does TARGET'S business in any single state "substantially predominate" over any

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

other.[1] TARGET is a quintessential multistate corporation, with far-flung operations in each of the 50 states, <u>all of which is directed, controlled and coordinated by officers in Minneapolis, Minnesota</u>, without regard to locale, in furtherance of the corporate objective.

6. The Complaint alleges claims for General Negligence and Premises Liability. Plaintiff prays for the recovery of general damages; for hospital and medical expenses; for loss of earnings and earning capacity; for loss of use of property; for pain and mental suffering; for costs of suit incurred; and for such other and further relief as the Court may deem just and proper, all in an amount according to proof.

7. The sum of the damages alleged by Plaintiff WILLIAM LINDSEY necessarily exceed $75,000.00, exclusive of interest and costs, based on the following alleged facts: On or about November 15, 2019, Plaintiff WILLIAM LINDSEY "slipped and fell" on a "dangerously slippery floor", while a guest on TARGET'S premises.

8. As a proximate result of the fall, Plaintiff suffered "severe bodily injuries, including but not limited to an injury to his right leg and knee". Plaintiff has undergone diagnostic testing, including MRIs; an extended course of physical therapy and chiropractic care; cortisone injections; and ultimately underwent an arthroscopic surgery on his right knee involving a partial medial meniscectomy and chondroplasty of the medial femoral condyle with loose body removal.

9. On or about August 13, 2020, Plaintiff's attorney presented a

---

[1] Even if TARGET has relatively extensive sales, employees and assets in California, they do not "substantially predominate" TARGET's business activities, especially when looked at in light of California's relatively high population. TARGET's business activities in California are of no significance to determining its citizenship. See, Hertz Corp. v. Friend, 130 S. Ct. 1181, U.S. (2010), holding that a corporation's "principal place of business" for purposes of determining federal diversity jurisdiction is its "nerve center."

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

settlement demand to TARGET outlining Plaintiff's alleged injuries, the medical treatment rendered to him, Plaintiff's prognosis, and Plaintiff's potential need for future medical care, and itemized more than $100,000 in past medical specials and another $250,000+ in future medical care, and offering to settle this matter for the total sum of $750,000.

10.   In support of Plaintiff's need for future medical care, Plaintiff's counsel presented a Life Care Plan prepared on September 29, 2020, which estimated more than $650,000 in future medical expenses. Based on Plaintiff's settlement demand, each of the above-described components, in and of themselves, justify removal and exceed the $75,000.00 threshold.

11.   In addition to the foregoing, at the time of service of the Summons and Complaint, Plaintiff WILLIAM LINDSEY served his "Statement of Damages" which states the Plaintiff has and/or will sustain damages in excess of $60,000,000.00. Specifically, the Statement of Damages alleges General Damages (for pain, suffering and inconvenience) in the amount of $30,000,000 and Special Damages for medical specials to date in the amount of $82,224.00+ and another $30,000,000 in future medical expenses. A true and correct copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit D**.

12.   Because a plaintiff's Statement of Damages can constitute "other paper" within the meaning of section 1446(b) and trigger the thirty-day period for removal, TARGET has the right to remove this matter. See, e.g., *Brown v. Target Corporation*, 2016 WL 6781100, at *2 (C.D. Cal., Nov. 16, 2016); *Cleveland v. West Ridge Academy*, 2015 WL 164592, at *5 (E.D. Cal. Jan. 13, 2015) (concluding that the thirty-day removal period was triggered by Plaintiff's Statement of Damages); *Jaback v. American Baker Co.*, 2013 WL 12121126, at *3 (W.D. Wash. Aug. 29. 2013) (holding that "the 30-day removal window in this case opened when [the defendant] received [Plaintiff's] statement of damages"); and *Mix v. Allstate Ins. Co.*, 2000 WL 1449880, at *2 (C.D. Cal. Apr. 19, 2000).

13.     Accordingly, based on Plaintiff's $60,000,000.00+ Statement of Damages claims and Plaintiff's $750,000.00 settlement demand, I strongly believe that the amount in controversy clearly exceeds $75,000.

14.     This Court has original jurisdiction over the subject matter of this action under the provisions of Section 1332 of Title 28 of the United States Code in that there is complete diversity between the parties and more than $75,000 in controversy, exclusive of interest and costs. Pursuant to Section 1441 of Title 28 of the United States Code, TARGET is therefore entitled to remove this action to this Court.

15.     Thirty days have not elapsed since Defendant was served with the Summons and Complaint in this action. A copy of the Summons for TARGET is attached hereto and marked as **Exhibit "A"**. Attached as **Exhibit "B"** is a copy of the Complaint. Attached as **Exhibit "C"** is a copy of Plaintiff's Civil Cover Sheet. Attached as **Exhibit "D"** is a copy of Plaintiff's Statement of Damages. Exhibits "A"-"D" comprise all of the papers and pleadings served on TARGET CORPORATION.

16.     A true and correct copy of this Notice of Removal will be filed immediately with the Clerk of the Orange County Superior Court.

17.     DOES 1 to 100 are named and sued fictitiously and their citizenship is disregarded as a matter of law for purposes of removal on grounds of diversity jurisdiction.

///
///
///
///
///
///
///

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

Based on the foregoing, TARGET CORPORATION removes the above action now pending in the Superior Court, in and for the County of Orange, as Case No. 30-2020-01161842-CU-PO-CJC, to this Court.

DATED:  November 2, 2020    TRACHTMAN & TRACHTMAN, LLP

                                            */s/ Benjamin R. Trachtman*
By:_____
    Benjamin R. Trachtman
    Kevin L. Henderson
    19732 MacArthur Blvd., Suite 100
    Irvine, CA  92612
    Email:  btrachtman@trachtmanlaw.com
    Email:  khenderson@trachtmanlaw.com
    Telephone:  (949) 282-0100
    Facsimile:   (949) 282-0111
    Attorneys for Defendant TARGET CORPORATION

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

# PROOF OF SERVICE
## FRCP 5

I, Stephanie Straka, the undersigned, am over the age of 18 years and not a party to this action. I am employed with the law firm of Trachtman & Trachtman, LLP, whose address is 19732 MacArthur Boulevard, Suite 100, Irvine, CA 92612.

On November 2, 2020, I served the interested parties in this action with the following documents:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (DIVERSITY) AND CIVIL COVER SHEET**

as follows:

| [ ] **_BY ELECTRONIC TRANSMISSION_**: |
|---|
| I caused such document to be electronically transmitted via United States District Court, Central District of California, which is then printed and maintained with the original documents in our office. |

[X]   **BY MAIL:** I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firms' practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(X) placing ( ) the original (X) a true copy thereof enclosed in the sealed envelopes addressed as follows:

Arash Khorsandi, Esq.
Brian G. Beecher, Esq.
The Law Offices of Arash Khorsandi, PC
2960 Wilshire Blvd., Third Floor
Los Angeles, CA  90010
T:  (310) 277-7529 | F:  (310) 388-8442
ak@arashlaw.com
**Attorneys for Plaintiff William Lindsey**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 2, 2020, at Irvine, California.

*/s/ Stephanie Straka*

Stephanie Straka, Declarant

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**